**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond Clinton COHEN,**
**Defendant–Appellant.**

**No. 91–1786.**

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 19, 1992.

Decided May 22, 1992.

---

John A. Smietanka, U.S. Atty., Mark V. Courtade, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Grand Rapids, Mich., for plaintiff-appellee.

Raymond Clinton Cohen, pro se.

Before: KEITH and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.

SILER, Circuit Judge.

In 1990, the defendant was convicted of uttering and publishing forged Treasury checks and obstruction of the mails, in violation of 18 U.S.C. § 510 and § 1702, respectively. He was sentenced to fourteen months imprisonment and three years of supervised release. Later, he violated the special conditions of his supervised release by eluding a police officer, submitting an untruthful monthly report to his probation officer, and associating with known criminals.

Under § 7B1.4 of the Sentencing Guidelines, the range of imprisonment applicable upon revocation under the circumstances of this case is a sentence of 6–12 months. However, the district court sentenced the defendant to a period of two years upon revocation of supervised release. For the reasons stated herein, we AFFIRM.

The convictions in 1990 were for Class C (uttering and publishing forged Treasury checks) or Class D (obstruction of the mail) felonies. Thus, the authorized term of supervised release for those violations was for not more than three years, 18 U.S.C. § 3583(b)(2), which was followed in the original sentence. Then, upon revocation, the defendant may not be required to serve more than two years imprisonment, if the original offense was a Class C or D felony. 18 U.S.C. § 3583(e)(3). Therefore, at the time of revocation of supervised release, the district court adhered to the restrictions in the statute.

The parties herein agree that the conduct of the defendant was a Grade B violation, set out in § 7B1.1(a)(2) of the Guidelines. Moreover, the court was required to revoke supervised release, pursuant to § 7B1.3(a)(1). Then, the range of imprisonment which was applicable upon revocation for a Grade B violation by a person in Criminal History II was 6–12 months. Guidelines § 7B1.4(a).

However, all of these provisions in Chapter 7 of the Guidelines are policy statements. The question in this case is whether they are binding upon the district court.

In *United States v. Levy*, 904 F.2d 1026 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991), this court held that the language of § 5K1.1 of the Guidelines, requiring a motion by the prosecution before granting a downward departure for substantial assistance in the investigation or prosecution of another person, was binding upon the court. In essence, the court could not depart downward for substantial assistance without the motion, even though § 5K1.1 is a policy statement. *See United States v. Kelley*, 956 F.2d 748 (8th Cir.1992) (*en banc*); *United States v. Chotas*, 913 F.2d 897 (11th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1421, 113 L.Ed.2d 473 (1991); *see also United States v. Franz*, 886 F.2d 973, 977 (7th Cir.1989). Thus, if the holding of *Levy* is that policy statements throughout the Guidelines Manual are to have the same effect as the Guidelines themselves, then

this panel is required to follow that decision. *See Timmreck v. United States*, 577 F.2d 372, 376 n. 15 (6th Cir.1978), *rev'd on other grounds*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

On the other hand, if the holding in *Levy* is limited to the binding effect of policy statements under § 5K1.1, then we should determine whether circumstances are different to allow a decision that policy statements in Chapter 7 of the Guidelines are not binding upon the court.

There is authority from other courts that policy statements in Chapter 7 are not binding upon the district court. *See, e.g., United States v. Lee*, 957 F.2d 770 (10th Cir. 1992); *United States v. Blackston*, 940 F.2d 877 (3d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Oliver*, 931 F.2d 463 (8th Cir.1991). Each of these cases involved the effect of the policy statements in Chapter 7 of the Guidelines, and all held that policy statements in Chapter 7 are not binding, but are merely advisory. As stated in *Blackston*, 940 F.2d at 893: "[T]he district court, in sentencing a defendant whose supervised release has been revoked, is required only to '*consider* . . . any pertinent policy statement issued by the Sentencing Commission . . . that is in effect on the date the defendant is sentenced.'"

Then, it went on to say:

When working with policy statements (as opposed to guidelines), the district court is not required, in considering revocation of supervised release, to justify its decision to impose a sentence outside of the prescribed range . . . by finding an aggravating factor that warrants an upward departure under 18 U.S.C. § 3553(b).

*Id.* In the case at hand, the district court held that the policy statements in § 7B1.4 of the Guidelines were not binding upon the court, but it did consider the provisions. According to *Blackston*, that is all that is required. *See* 18 U.S.C. § 3553(a)(5).

One might feel that if the court is bound by policy statements with regard to Chapter 5 of the Guidelines, then the court should also be bound by the policy state-ments in Chapter 7 of the Guidelines. That, obviously, makes them easier to administer. However, there appear to be no cases on record which have held that policy statements in Chapter 7 of the Guidelines are binding upon the courts. One significant difference between Chapters 5 and 7 of the Guidelines is that Chapter 7 has a lengthy introduction which explains why the Commission chose to promulgate policy statements for the revocation of supervised release. Part A 1. of that introduction states:

These policy statements will provide guidance while allowing for the identification of any substantive or procedural issues that require further review. The commission views these policy statements as evolutionary and will review relevant data and materials concerning revocation determinations under these policy statements. Revocation guidelines will be issued after federal judges, probation officers, practitioners, and others have the opportunity to evaluate and comment on these policy statements.

Moreover, when faced with the choice of promulgating guidelines or issuing advisory policy statements for the revocation of supervised release, the introduction to Chapter 7 of the Guidelines in Part A 3.(a) states:

After considered debate and input from judges, probation officers, and prosecuting and defense attorneys, the Commission decided, for a variety of reasons, initially to issue policy statements. . . . [T]his approach provided *greater flexibility* to both the Commission and the courts.

\*     \*     \*     \*     \*     \*

Moreover, the Commission anticipates that, because of its greater flexibility, the policy statement option will provide better opportunities for evaluation by the courts and the Commission. . . . After an adequate period of evaluation, the Commission intends to promulgate revocation Guidelines. (Emphasis added.)

Thus, if the policy statements were as binding upon the courts as the Guidelines themselves, with respect to Chapter 7, there

would have been no need for the Commission to have made this explanation, emphasizing flexibility. Therefore, we hold that policy statements in § 7B1.4 of the Guidelines are not binding upon the district court, but must be considered by it in rendering a sentence for a violation of supervised release. In making this decision, we are not undermining the decision in *Levy*, which applies to Chapter 5. This is the same conclusion reached by the Tenth Circuit in *Lee*, because it, too, had previously held that the requirements of § 5K1.1 of the Guidelines were mandatory. *See, e.g., United States v. Long*, 936 F.2d 482 (10th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 662, 116 L.Ed.2d 753 (1991). Therefore, as the district court in this case considered (and declined to follow) the provisions of § 7B1.4 of the Guidelines, its judgment is AFFIRMED.