991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aileen BORTELS, Defendant-Appellant.
 No. 92-2143.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Aileen Bortels appeals the District Court's order revoking her term of supervised release and sentencing her to ten months and three-weeks imprisonment. Defendant argues on appeal that the sentence imposed was improper because the District Court exceeded the proposed sentence set forth in the Sentencing Guidelines policy statement. We affirm.
 
 I.
 
 2
 On April 20, 1991, defendant Aileen Bortels was arrested after leading Michigan State Police Officers and a Deputy United States Marshal on a high speed car chase in order to avoid having her passenger, R. Clinton Cohen, arrested. On May 16, 1991, defendant was charged with one count of assaulting, resisting, or interfering with a Deputy United States Marshal in violation of 18 U.S.C. § 111 and one count of harboring and concealing a fugitive in violation of 18 U.S.C. § 1071. On June 4, 1991, defendant pled guilty to Count 1 pursuant to a plea agreement.
 
 
 3
 On August 15, 1991, defendant was sentenced to six-months incarceration with credit for time served since April 20, 1991. Upon her release, defendant was to serve one year of supervised release with special conditions, including no contact with convicted felons, especially R. Clinton Cohen. Defendant was released from custody on December 4, 1991. Thereafter, she violated the special conditions of her supervised release by having contact with Mr. Cohen.[1] Defendant was arrested on July 15, 1992 at the North Carolina prison facility housing Mr. Cohen. On August 20, 1992, defendant pled guilty to the violation of her supervised release. As a result, the District Court revoked defendant's supervised release and sentenced her to ten months and three-weeks incarceration, giving her credit for time served since her arrest on July 15, 1992. This timely appeal followed.
 
 II.
 
 4
 This Court applies an abuse of discretion standard in reviewing a District Court's decision to revoke supervised release. United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir.1991). Supervised release is governed by 18 U.S.C. § 3583. Revocation of a period of supervised release is specifically provided for in section 3583(e)(3), which reads:
 
 
 5
 The court may, after considering the factors set forth in section 3553(a) ... revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than ... 2 years in prison if the offense was a Class C or D felony....
 
 
 6
 (emphasis added). One of the factors to which section 3583 refers and which the District Court must consider before sentencing the defendant to imprisonment for a breach of a condition of supervised release is "any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) and that are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). Defendant contends that the applicable guideline policy statement is section 7B1.4. Under this section, the range of imprisonment applicable upon revocation of supervised release under the circumstances of this case is a sentence of 3-9 months.[2] Therefore, defendant's sentence was longer than that suggested in U.S.S.G. § 7B1.4 but did not exceed the maximum sentence allowed by section 3583(e)(3).
 
 
 7
 This Court recently held that the policy statement in section 7B1.4 is not binding upon the District Court. United States v. Cohen, 965 F.2d 58, 61 (6th Cir.1992). However, the District Court must consider the policy statement in rendering a sentence for a violation of supervised release. Id. Here, it is clear that the district judge considered the provisions of U.S.S.G. § 7B1.4. After taking a recess during defendant's supervised release revocation hearing in order to reference Chapter 7 of the Guidelines, the District Court stated that:
 
 
 8
 The question is: Can the Court, and has the Court the power then to sentence [the defendant] to the maximum term of one year because that was the maximum term of her supervised release, without regard to the fact that the policy statement indicates three to nine months?
 
 
 9
 The judge went on to note that the applicable guideline policy statement refers to 18 U.S.C. § 3583, which in turn requires the court to consider 18 U.S.C. § 3553(a), the statutory reference for the list of factors which the District Court must consider upon sentencing.[3] The District Court then summarized the basis for its decision to revoke defendant's supervised release and impose sentence as follows:
 
 
 10
 Ms. Bortels simply refuses to be supervised by any probation officer or to accept the orders of the Court, apparently because of her fascination with Mr. Cohen....
 
 
 11
 The defendant and the government agree that further supervised release would be inane, and the Court agrees with those representations because Ms. Bortels will not accept supervised release.
 
 
 12
 The Court in examining the factors of 18 U.S.C. section 3553 believes that the nature and circumstances of the offense of running into a police car and assaulting a federal marshal, in the first instance, and further the refusal to accept responsibility or supervision under supervised release indicate to the Court that the nature and circumstances of the offense and the history and characteristics of the defendant require that the Court sentence the defendant to something greater than the three to nine months set forth in the Guidelines under 7B1.4(a)....
 
 
 13
 Joint App. at 56-57. Thus, the District Court considered but rejected the Sentencing Guidelines policy statements in light of the other relevant factors of section 3553(a). The District Court was required to do no more. Cohen, 965 F.2d at 60-61.
 
 
 14
 In addition, defendant's sentence is not unreasonable. As mentioned above, "[t]he plain language of § 3583(e) grants the court discretion to resentence the defendant for any period up to the whole period of supervised release with certain limiting exceptions." Stephenson, 928 F.2d at 730. Here, defendant was sentenced to one year (minus five weeks credit for time already served), the original term of her supervised release. The fact that this sentence exceeds the period of incarceration defendant has already served (i.e., six months) for the original offense does not make the sentence unreasonable. This Court has reasoned that:
 
 
 15
 In supervised release ... the individual will have already served time, possibly the maximum allowed under the Guidelines. Connecting the resentencing period with the maximum period of incarceration allowed for the original offense would undermine the system of supervised release. If the resentencing period was connected and the defendant had already served a substantial part or all of his allowable term under the Guidelines, his violation of a condition of supervised release would result in a tenuously short period of reincarceration, or no reincarceration at all. The possibility of reincarceration for violation of a condition of supervised release is a cornerstone of the sentencing structure.
 
 
 16
 Id. at 730-31. Accordingly, the District Court did not abuse its discretion in sentencing defendant.
 
 
 17
 Defendant's final contention is that her sentence should be vacated because the District Court did not provide her with notice of its intention to depart from the sentencing guidelines. The District Court, however, did not depart from the guidelines because it actually sentenced defendant pursuant to section 3583(e)(3). As U.S.S.G. § 7B1.4 is not binding on the District Court, the court was not obligated to sentence defendant in accordance with that provision. As one court has stated:
 
 
 18
 When working with policy statements (as opposed to guidelines), the district court is not required, in considering revocation of supervised release, to justify its decision to impose a sentence outside of the prescribed range ... by finding an aggravating factor that warrants an upward departure under 18 U.S.C. § 3553(b).
 
 
 19
 United States v. Blackston, 940 F.2d 877, 893 (3d Cir.), cert. denied, 112 S.Ct. 611 (1991). Here, the District Court adequately stated its reasons under section 3553(a) for rejecting the Chapter 7 policy statements and for imposing a more stringent sentence. See 18 U.S.C. § 3553(c); United States v. Lee, 957 F.2d 770, 774-75 (10th Cir.1992) (stating that while there is no requirement that the District Court make specific findings relating to each of the factors considered under section 3583, the court should state the reasons for its action). Accordingly, the District Court's sentence does not constitute a departure from the sentencing guidelines such that the court should be required to provide defendant with notice.
 
 III.
 
 20
 For the aforementioned reasons, the sentence imposed by the District Court is AFFIRMED.
 
 
 
 [1]
 The defendant violated several of the conditions of her supervised release. In addition to having contact with Mr. Cohen, defendant failed to report to her probation officer; she failed to secure lawful employment; she failed to notify her probation officer of her change of residence; she refused to permit her probation officer to visit her at her home; and, she refused to participate in an outpatient mental health program
 2 U.S.S.G. § 7B1.4(a) contains a Revocation Table prescribing the ranges of imprisonment that apply upon the revocation of supervised release. This table recommends a sentence of 3-9 months for a defendant (such as Bortels) who, at the time she was originally sentenced, had a criminal history category of I and who committed a "Grade C" violation of supervised release.
 
 
 [3]
 Section 3553(a) provides that:
 (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
 (1) the nature and circumstances of the offense and the history and characteristic of the defendant;
 (2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
 (5) any pertinent policy statement issued ...;
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.