4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin PETTIGREW; Timothy Pettigrew, Defendants-Appellants.
 Nos. 92-6221, 92-6222.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1993.
 
 Before: NELSON and SUHRHEINRICH, Circuit Judges; CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Melvin and Timothy Pettigrew appeal the district court's orders revoking their respective terms of supervised release and sentencing each of them to twelve months imprisonment for violating the standard conditions of supervised release. We AFFIRM.
 
 I.
 
 2
 Defendants were arrested in June 1992 for using cocaine and/or marijuana in violation of the conditions of their supervised release. At the time of their arrests, both defendants were serving three year terms of supervised release after having been released from federal custody. At the revocation hearing, the government produced one witness, Lynn LaRose, defendants' probation officer. LaRose testified that each defendant tested positive for drugs on multiple occasions. Specifically, LaRose testified that Melvin Pettigrew tested positive in September 1991, March 1992, and April 1992. LaRose also testified that Timothy Pettigrew tested positive for drugs in January, March, and May of 1992. LaRose was the only government witness, and aside from the lab reports admitted into evidence in conjunction with LaRose's testimony, the government did not attempt to admit any other evidence.
 
 
 3
 Defendants moved to dismiss the charges against them, claiming that although the government proved that defendants ingested drugs, it had not proved that they did so while on supervised release. In making this argument, defendants suggested that their drug use occurred at least six months prior to detection, either while they were imprisoned or before they entered prison. The district court took judicial notice of the fact that "drugs don't stay in the system for years, and that is what would have been required for this to have occurred before the defendant[s] came on probation" and denied the motion.
 
 
 4
 On cross-examination, both defendants admitted to using drugs while on supervised release. Timothy Pettigrew added that he did not receive drugs while in prison.
 
 
 5
 The district court found that defendants "violated the terms of ... supervised release ... by the use of marijuana and cocaine" and "illegal drugs" while on supervised release. Defendants' violations constituted grade C violations under U.S.S.G. section 7B1.1, p.s. Under section 7B1.4, p.s., defendants' grade C violations, together with their criminal history categories of II, yielded a sentencing range of four to ten months imprisonment. The guideline range notwithstanding, the district court sentenced each defendant to twelve months imprisonment. This timely appeal followed.
 
 II.
 
 6
 Because defendants failed to timely object to the findings and conclusions which they now challenge on appeal, we review for plain error. Fed.R.Evid. 103(d); Fed.R.Crim.P. 52(b); American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984). We must also keep in mind that although a defendant is guaranteed a certain measure of due process during revocation hearings, such hearings "are more flexible than a criminal trial." United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991) (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).
 
 A.
 
 7
 Timothy Pettigrew argues that the district court erred by taking judicial notice of the fact that drugs do not remain in the human body years after they are consumed. He complains that the district court's noticing of fact was erroneous because it was (1) sua sponte, (2) without an offer of proof, (3) done without affording defendant an opportunity to controvert the noticed fact, and (4) improper because the noticed fact was not beyond dispute.
 
 
 8
 Under Fed.R.Evid. 201, the court, either upon request or sua sponte, may take judicial notice of adjudicative facts when such facts are capable of accurate and ready determination by resort to sources "whose accuracy cannot reasonably be questioned"; the rule further provides that a party may timely request an opportunity to contest the propriety of taking judicial notice, and such request may be made before or after the court takes judicial notice. Fed.R.Evid. 201(b), (c), and (e). It was, therefore, within the court's power under the explicit terms of Rule 201 to take notice sua sponte and without an offer of proof; and contrary to defendant's claim, the court was under no obligation to solicit controverting facts. Neither was the court's noticing of facts inconsistent with the requirement under Rule 201 that the fact be beyond dispute. Under the circumstances of this case, we do not find the district court's finding plainly erroneous. See Hines v. Secretary of Health and Human Services, 940 F.2d 1518, 1526 (Fed.Cir.1991) ("[w]ell-known medical facts are the types of matters of which judicial notice may be taken.") (citing Franklin Life Insurance Co. v. William Chapman & Company, 350 F.2d 115, 130 (6th Cir.1965), cert. denied, 384 U.S. 928 (1966)).
 
 
 9
 Finally, given defendant's admission that he used drugs while on supervised release, any error regarding the court's taking of judicial notice was harmless.
 
 B.
 
 10
 Defendant Melvin Pettigrew argues that he should have been sentenced to four to ten months imprisonment as recommended in section 7B1.4(a), p.s. Section 7B1.4(b), p.s., however, states that "[w]here the minimum term of imprisonment required by statute ... is greater than the maximum of the applicable range, the minimum term of imprisonment required by statute shall be substituted for the applicable range." The corresponding statutory provision for imposing sentence on supervised release violators is found at 18 U.S.C. section 3583(g), which states:
 
 
 11
 If the defendant is found by the court to be in possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.
 
 
 12
 Here, because defendant was serving a three-year term of supervised release, a sentence of imprisonment under section 3583(g) would amount to at least one year. Defendant contends that section 3583(g) does not apply because the district court did not "find" on the record that he "possessed" controlled substances.
 
 
 13
 Given the flexibility under application note 5 to U.S.S.G. section 7B1.4, p.s., to infer possession from laboratory analysis ("The Commission leaves to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes "possession of a controlled substance" ... [under section 3583(g) ]."), we find no plain error. Moreover, defendant's admitted use of drugs necessarily required possession, unless the admitted drug usage was involuntary or accidental, claims not asserted here. For these two reasons, any failure on the district court's part to make a specific finding on the record regarding "possession" was harmless.
 
 C.
 
 14
 Relying on United States v. Cohen, 965 F.2d 58, 60 (6th Cir.1992), defendant Melvin Pettigrew also contends that the district court meted out a twelve-month sentence without due regard for the recommended sentencing range of four to ten months imprisonment under section 7B1.4, p.s. In Cohen, we held that the policy statements in chapter seven of the guidelines, which pertain exclusively to revocation of supervised release, were merely advisory; we also indicated our agreement with the Third Circuit that although not binding, the policy statements in chapter seven must be considered before sentencing the defendant for a violation of supervised release. Id. at 60. Although we find no evidence in the record showing that the district court considered the recommended sentencing range under U.S.S.G. section 7B1.4, p.s., we conclude that defendant's sentence rested more appropriately on the provisions of 18 U.S.C. section 3583(g), thus obviating the need to consider the sentencing range under section 7B1.4, p.s. We therefore find no plain error.
 
 III.
 
 15
 For all of the reasons stated, we AFFIRM the sentences imposed on defendants for violating the conditions of their supervised release.