**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Annette SPARKS, Defendant–Appellant.**

No. 93–3677.

United States Court of Appeals, Sixth Circuit.

Submitted March 4, 1994.

Decided March 22, 1994.

Blas E. Serrano, Asst. U.S. Attorney (briefed), Office of the U.S. Atty., Cleveland, OH, for plaintiff-appellee.

John B. Gibbons (briefed), Daniel T. Todt & Associates, Cleveland, OH, for defendant-appellant.

Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior District Judge.[*]

RALPH B. GUY, JR., Circuit Judge.

Following a plea of guilty to a cocaine distribution offense, defendant, Annette Sparks, was given a custody sentence of 27 months, to be followed by a five-year period of supervised release.[1] Sparks served her 27 months, but, while on supervised release, committed two separate robberies. She was prosecuted and convicted in state court and

* The Honorable John Feikens, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

**1.** The 27–months' sentence was to be served concurrently with the sentence imposed on defendant in a separate case for the offense of passing altered money orders.

sentenced to terms of 4 to 15 years and 3 to 15 years, to be served concurrently.

As a result of committing new crimes while on supervised release, defendant was cited for a violation. A hearing was held on May 24, 1993, at the conclusion of which defendant was given a custody sentence of 24 months consecutive to her state sentence. At the hearing on the supervised release violation, counsel for Sparks stated: [2]

MR. GIBBONS: Your Honor, I don't argue with the fact that she has picked up two new convictions. And I don't argue with the calculation of the violations and the fact that this is termed a Grade A violation. Your Honor, I would point out that the underlying drug charge, the one that we are here on violation, she did 27 months plus approximately four months in a halfway house. And when she came out, she was placed on the five year term of supervised release.

Since that time she has picked up two state robbery charges, one in Mahoning County, and one in Trumbull County. For those offenses she receive concurrent terms of 4 to 15 years and 3 to 15 years.

She presently has been incarcerated in the Ohio state penal system for approximately two years. If you read the guidelines, your Honor, and I have struggled to make some sense out of this particular section, it would seem to indicate that the Court upon a finding of a supervised release violation, and it being a Class A violation, is compelled to reimpose a term of between 24 to 30 months to be commenced after she is released from the Ohio state penal system.

Counsel then went on to argue:

In reading the introductory commentary to the section of the sentencing guidelines on probation and supervised release violations, it's my view that there are some ambiguities which would allow the Court to exercise its discretion and run a concurrent sentence.

After listening to counsel and the defendant, the court ruled:

Accordingly, the Court sentences the defendant to the custody of the Bureau of Prisons for a period of 24 months, that time being served consecutive to any state sentence which has been imposed as a result of the criminal conduct which caused the breach of the supervised release.

On appeal, the issue is whether the district court erred in concluding that it had no discretion and must impose a consecutive sentence for the supervised release violation. Upon review, we conclude that the trial court erred, and we remand for resentencing.

At the sentencing hearing, it is clear that the government construed the provisions of Chapter 7 of the sentencing guidelines to be mandatory and urged this construction upon the court:

MR. SERRANO: I believe that the guidelines are clear in terms of the language under the applicable sections, that is, mandatory upon revocation section 7B1.3(f) basically reads as follows. Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Even in the language that Mr. Gibbons cited, which is just an introductory commentary, it's not a policy or a guideline issued by the commission. They say that the policy of the commission is that the sentence shall be served consecutively.

I don't think that this is a matter of discretion upon the Court whether we agree or disagree with it in terms of the sentence that she received.

It appears equally clear that the court agreed with the government's view as to the mandatory nature of Chapter 7; otherwise, the judge's final comment to defense counsel makes no sense:

Mr. Gibbons, if you feel there's any merit to your view, and there may well be, this is an appealable order, and if you wish to

---

**2.** Sparks is represented on appeal by the same attorney.

be appointed therefore, I'll be more than happy to appoint you for that purpose. You might wish to consult with your client about that.

Although the parties apparently were not aware of the case, we had earlier decided this issue contrary to the position urged by the government and adopted by the court. In *United States v. Cohen*, 965 F.2d 58 (6th Cir.1992), we held:

> [I]f the policy statements were as binding upon the courts as the Guidelines themselves, with respect to Chapter 7, there

would have been no need for the Commission to have made this explanation, emphasizing flexibility. Therefore, we hold that policy statements in § 7B1.4 of the Guidelines are not binding upon the district court, but must be considered by it in rendering a sentence for a violation of supervised release.

*Id.* at 60–61.

Although the decision in *Cohen* references only section 7B1.4 of the guidelines, the reasoning of *Cohen* is such that it is applicable to all of Chapter 7.[3]

---

**3.** Subsequent to our decision in *Cohen*, the United States Supreme Court decided *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), which held that commentary and policy statements interpreting a guideline or prohibiting a district court from taking a specified action is authoritative and binding on the courts. This decision, however, is not controlling as to Chapter 7 of the guidelines.

While the Sentencing Guidelines, accompanying interpretative commentary, and some policy statements are binding on the court, Chapter 7 policy statements are a different breed. Section 7B1.3 is clearly labeled, "Policy Statement"; it is neither a guideline nor a policy statement that interprets a guideline. Chapter 7 policy statements fulfill a special advisory role. This court has found that the sentencing court is required only to "consider" Chapter 7 policy statements, *United States v. Jones*, 973 F.2d 605, 608 (8th Cir.1992) (citing 18 U.S.C. § 3583(e)), and that "the Sentencing Commission intended the Chapter 7 policy statements to be merely advisory." *Id.* at 607; *see also United States v. Oliver*, 931 F.2d 463, 465 (8th Cir.1991) ("there are no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation"). The Sentencing Commission expressly commented in Chapter 7 that it chose to issue advisory policy statements for the revocation of supervised release because a policy statement provides the district court with "greater flexibility" than a guideline. U.S.S.G. Ch. 7, Pt. A3(a) (stating also that after period of evaluation, the Commission intends to promulgate "revocation guidelines").
*United States v. Levi*, 2 F.3d 842, 845 (8th Cir.1993).

An earlier, yet post-*Stinson* Seventh Circuit case, however, held that Chapter 7 policy statements are binding on district courts. *United States v. Lewis*, 998 F.2d 497, 499 (7th Cir.1993). We need not resolve the conflict between these two cases, because we believe *Levi* sets forth the rule we must follow *under our fact situation*. *Stinson* teaches that policy statements that contravene a statute would not be binding. As to the

imposition of concurrent or consecutive sentences (which was *not* the issue in *Lewis* ), 18 U.S.C. § 3584(a) provides in relevant part:
(a) Imposition of concurrent or consecutive terms.—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . .
Since Congress has specifically given district courts the discretion to impose consecutive or concurrent sentences under a fact situation such as is presented in the instant case, the Sentencing Commission policy statement favoring consecutive sentences *cannot* be binding on the trial judge. *Stinson* does not dictate to the contrary. In so holding, we join the majority of circuits that have addressed this issue. For example, the court stated in *United States v. O'Neil*, 11 F.3d 292 (1st Cir.1993):
We are aware that the Sentencing Commission's policy statement contemplates that the new term of imprisonment will be "less than" the maximum term of imprisonment imposable upon revocation for each class of offense, U.S.S.G. § 7B1.3(g)(2) p.s., but we use round numbers for simplicity's sake. Moreover, although a policy statement ordinarily "is an authoritative guide to the meaning of the applicable guideline," *Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992), the policy statements of Chapter 7 are unaccompanied by guidelines, and are prefaced by a special discussion making manifest their tentative nature, *see* U.S.S.G. Ch. 7, Pt. A, intro. comment. Hence, we today join six other circuits in recognizing Chapter 7 policy statements as advisory rather than mandatory. *See United States v. Thompson*, 976 F.2d 1380, 1381 (11th Cir.1992); *United States v. Bermudez*, 974 F.2d 12, 14 (2d Cir.1992); *United States v. Cohen*, 965 F.2d 58, 59–61 (6th Cir.1992); *United States v. Lee*, 957 F.2d 770, 773 (10th Cir.1992); *United States v. Blackston*, 940 F.2d 877, 893 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir.1991). On remand, the lower court must consider, but need not

In remanding, we remind the district court that the mandate of *Cohen* is that before imposing sentence for a violation of supervised release the guidelines' policy statements *must* be considered even though they are not binding.

**REMANDED** for resentencing.

necessarily follow, the Sentencing Commission's recommendations regarding post-revocation sentencing.

*Id.* at 301 n. 11.