107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOHN P. DAVERN, Defendant-Appellant.
 No. 96-3334.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 John P. Davern appeals a district court judgment that sentenced him to an additional term of incarceration for violating the conditions of his supervised release. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Davern pleaded guilty to possessing cocaine for intended distribution, a violation of 21 U.S.C. § 841(a)(1). On July 11, 1990, he was sentenced to 51 months of imprisonment and three years of supervised release. This sentence was affirmed on direct appeal. United States v. Davern, 970 F.2d 1490, 1495 (6th Cir.1992) (en banc), cert. denied, 507 U.S. 923 (1993).
 
 
 4
 Davern completed his initial sentence of incarceration in 1995, and began serving the three-year period of supervised release. On February 2, 1996, the probation office charged him with violating the terms of supervised release and requested revocation. On March 1, 1996, the district court found that Davern had violated the conditions of his supervised release, and sentenced him to an additional 30 months of imprisonment. This judgment was entered on March 6, 1996, and Davern now appeals.
 
 
 5
 "We will affirm a district court's sentence of imprisonment upon mandatory revocation of supervised release provided that the district court considered the applicable policy statements, the sentence is within the range prescribed by statute, and the sentence is not plainly unreasonable." United States v. Jackson, 70 F.3d 874, 878 (6th Cir.1995) (footnote omitted). The district court did not abuse its discretion in the present case.
 
 
 6
 Davern first argues that the probation office had prepared a worksheet which indicated that he would be subject to a sentencing range of 12 to 18 months of imprisonment upon revocation. Davern alleges that he relied upon this worksheet when he waived a formal revocation hearing. However, Davern was represented by counsel, and it is clear that he was subject to a maximum of 36 months of imprisonment, under 18 U.S.C. § 3583(e)(3). The probation officer also filed a supplemental report which expressly stated that the court could impose a sentence of up to three years of imprisonment. Thus, Davern had both actual and constructive notice that he was exposed to a maximum term of three years of imprisonment. Furthermore, Davern does not dispute the district court's finding that he possessed controlled substances during the period of his supervised release. Thus, revocation was mandatory under 18 U.S.C. § 3583(g). See id. at 877.
 
 
 7
 Davern also argues that the district court failed to consider the policy statement in USSG § 7B1.4(a). The courts should consider the policy statements in Chapter Seven of the Sentencing Guidelines, even though they are non-binding. United States v. West, 59 F.3d 32, 33 (6th Cir.), cert. denied, 116 S.Ct. 486 (1995); United States v. Cohen, 965 F.2d 58, 60-61 (6th Cir.1992). However, the record does not support Davern's allegation that the court failed to consider the applicable policy statements here. It is undisputed that the trial judge had the probation officer's worksheet which referred to § 7B1.4 and described the sentencing range that was recommended by that section. The probation officer's supplemental report also expressly advised the court to consider § 7B1.4(a).
 
 
 8
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation