**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James E. WARE, Defendant–Appellant.**

No. 00–6181.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

James E. Ware, proceeding through counsel, appeals a district court judgment revoking his term of supervised release. The parties have explicitly waived oral argument, and upon examination, this panel

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Ware pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). After completing his term of incarceration, Ware began serving a three-year period of supervised release on August 17, 1999. Nearly one year later, Ware's probation officer advised the court that Ware had violated the terms of his supervised release by allegedly committing a robbery, testing positive for cocaine use, and by not notifying the probation officer of an arrest. The district court conducted a revocation hearing on August 14, 2000, at which time Ware admitted to testing positive for cocaine use. (The government did not pursue Ware's other alleged violations). The district court accordingly revoked Ware's release and proceeded to sentencing. Although the guideline range was five to eleven months of imprisonment, *see* USSG § 7B1.4, the district court imposed the statutory maximum term of incarceration, twenty-four months, and denied counsel's request to reduce the sentence.

In his timely appeal, Ware argues that the district court erred by departing upward from the guideline range.

■ This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). A district court's sentence will be upheld so long as it shows consideration of any relevant statutory factors and is plainly not unreasonable. *United States v. Webb,* 30 F.3d 687, 689 (6th Cir.1994). Among the statutory factors to be considered are the Sentencing Guideline policy statements. *United States v. Sparks,* 19 F.3d 1099, 1102 (6th Cir.1994). The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir. 1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

■ The district court did not abuse its discretion. First, the district court properly considered the relevant guideline policy statements in Chapter 7. Section 7B1.3 provides, in pertinent part, that a court should consider the sentencing options of supervised release upon a finding of a violation and should consider the recommended sentencing range in § 7B1.4 if incarceration is ordered. The policy statements from Chapter 7 are merely advisory and do not bind the district court. *Washington,* 147 F.3d at 491. The court need only provide some minimal indicia that it considered its Chapter 7 options. *Id.* at 492.

Pursuant to § 7B1.4, Ware's guideline range of imprisonment was five to eleven months based on his criminal history category of III and a Grade C violation of supervised release. The court explicitly considered the guidelines, but chose to depart from them. Ware had been reluctant to admit his drug use, and thus needed a term of incarceration of sufficient length to permit him to complete the Bureau of Prison's 500–hour comprehensive drug treatment program. Furthermore, because of Ware's extensive criminal history, which included convictions for armed bank robbery, rape, kidnaping, assault, battery, weapons offenses, and drug-related offenses, the court found that there was "an extraordinary need to protect the public."

Second, the district court's sentence reflected consideration of the other factors listed in 18 U.S.C. § 3553, and was not

plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4). The relevant § 3553 factors include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. As noted above, the district court stated that the maximum term of incarceration was necessary to provide Ware with appropriate treatment and to protect the public.

Accordingly, the district court's judgment is affirmed.