**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Antonio RODRIGUEZ–TRUJILLO Defendant–Appellant.**

**Nos. 02–1761, 02–1763.**

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

622

Michael Hluchaniuk, Asst. U.S. Attorney, Bay City, MI, for Plaintiff-Appellee.

Daniel G. Van Norman, Lapeer, MI, for Defendant-Appellant.

Before RYAN, MOORE and ROGERS, Circuit Judges.

## OPINION

ROGERS, Circuit Judge.

Appellant Juan Antonio Rodriguez–Trujillo appeals from the sentence imposed upon him by the district court subsequent to his plea of guilty to violations of the terms of his supervised release. On appeal, the appellant asserts that the district court erred when it interpreted the Sentencing Guidelines to require any term of imprisonment for violations of probation or supervised release to be served consecutively, and imposed a term of six months imprisonment to be served consecutively. The appellee, the United States, concedes that the district court had discretion to impose concurrent imprisonment, or none at all, and maintains that the district court did not abuse that discretion when it sentenced the appellant to a consecutive sentence. Although the district court may retain some discretion under the Guidelines not to impose a concurrent sentence for violating the terms of supervised release, the district court did not commit plain error when it failed to exercise that

discretion. We, therefore, affirm the judgment of the district court.

## FACTS

In 1998, Rodriguez–Trujillo was convicted of possession of marijuana with intent to deliver. For this offense, he was deported to Mexico in April 1999. Roughly seven months later, Rodriguez–Trujillo was convicted in the Western District of Michigan of the crime of Reentry by a Deportee subsequent to a Felony Conviction. He was sentenced to eighteen months imprisonment and two years of supervised release. A little over a year later, he was again deported to Mexico. In December 2001, Rodriguez–Trujillo was again in the United States and was arrested in Saginaw County, Michigan, for possession of a kilogram of cocaine. Rodriguez–Trujillo pleaded guilty in the Eastern District of Michigan to possessing 500 grams or more of cocaine and illegally reentering the United States in February 2002. Prior to sentencing on the cocaine and illegal reentry convictions, the Western District of Michigan transferred the matter of Rodriguez–Trujillo's violation of his supervised release conditions to the Eastern District.

The district court sentenced Rodriguez–Trujillo to two 92–month concurrent sentences for the cocaine and illegal reentry convictions, as well as four years supervised release for the cocaine conviction and two years supervised release for the illegal reentry, also to run concurrently. The district court also imposed sentence for the supervised release violation. When the court initially raised the issue, defense counsel asked the court to consider the possibility of having the sentence for the supervised release violation run concurrently with the 92–month sentence.

[DEFENSE COUNSEL]: If the Court is inclined to consider consecutive sen-

tencing I would ask the Court for an opportunity to examine the question and submit some type of memorandum if appropriate; or at least let the Court know I intend to submit one. If that is not the Court's intention, it is our request that the Court consider concurrent sentencing given the duration of the previous sentence on the other counts.

I think a concurrent sentence would serve everybody well, including the Government and my client at this time.

THE COURT: Well, under the Guidelines, I believe that I am required to impose a consecutive sentence. Is that your understanding or do you think I have discretion? ... [to the Government] [D]o you have a view on that?

[THE GOVERNMENT]: I do, Your Honor. I think that the terms of [U.S.S.G. § 7B1.3(f) ] require that the sentence be consecutive.

...

THE COURT: My understanding is that I'm required to impose consecutive sentence.

After reviewing U.S.S.G. § 7B1.3(f), defense counsel agreed with the interpretation of the court and the Government that § 7B1.3(f) required the sentence to be consecutive. The court then sentenced Rodriguez–Trujillo to serve six months consecutively for the supervised release violation.

## DISCUSSION

### 1. Standard of Review

In reviewing a district court's application of the sentencing guidelines, the court's factual findings are reviewed for clear error. *United States v. Webb*, 335 F.3d 534, 536–37 (6th Cir.2003). Questions of law, and mixed questions of fact and law, are subject to *de novo* review. *See United States v. Georgia*, 279 F.3d 384, 386 (6th Cir.2002); *United States v. Mid-*

*dleton*, 246 F.3d 825, 844 (6th Cir.2001). If the defendant failed to preserve his assignments of error at trial, the district court's determinations may only be reviewed for plain error. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

### 2. Waiver

Rodriguez–Trujillo concedes that he failed to preserve the error in the district court. *See* Def. Br. at 10 ("Appellate review of the [d]istrict [c]ourt's sentencing of Defendant–Appellant is only entertained when refusal to do so on appeal would result in manifest injustice, as there were no objections to the guideline calculations at sentencing."). Even if he had not conceded the issue, the record suggests that he failed to preserve the error for appeal.

Although defense counsel raised the issue of concurrent sentencing during the sentencing hearing, he never actually objected to the court's sentencing determination. Moreover, he agreed with the court's interpretation that the guideline provided no discretion to impose a concurrent sentence. Counsel is on record in agreement with the determinations of the district court, rather than objecting to those determinations.

Where a defendant fails appropriately to object to alleged error at trial, our review is limited to instances of plain error. Under Fed.R.Crim.P. 52(b), plain error affecting substantial rights may be considered even if not raised in the trial court. Under plain error analysis, if plain error exists, the court of appeals must consider whether the error affected substantial rights, and whether the error affected "the fairness, integrity or public reputation of judicial proceedings." *United States v. Rapanos*, 339 F.3d 447, 453 (6th Cir.2003) (quoting *United States v. Jones*, 108 F.3d 668, 670 (6th Cir.1997)) (internal quotations omitted). There is no showing on the record that the sentence imposed af-

fects Rodriguez–Trujillo's substantial rights; therefore, under plain error analysis, we must affirm the sentence.

### 3. Plain Error Analysis requires affirmance because the error did not affect Rodriguez–Trujillo's Substantial Rights.

█ Initially, the district court erred when it stated that it did not have discretion to impose a concurrently-running sentence under § 7B1.3(f). We have held that this provision of the Sentencing Guidelines is not binding on the district courts. See United States v. Throneburg, 87 F.3d 851, 854 (6th Cir.1996) (indicating that "policy statements, such as [§ 7B1.3(f) ], are not binding upon a district court"); United States v. Sparks, 19 F.3d 1099, 1101 (6th Cir.1994) (citing United States v. Cohen, 965 F.2d 58 (6th Cir. 1992)) (explaining that policy statements of chapter 7 of the Sentencing Guidelines are not binding, but must be considered by the district court); see also United States v. Urcino–Sotello, 269 F.3d 1195, 1197 (10th Cir.2001) (explaining that "policy statements concerning sentencing for supervised release violations contained in Chapter 7 of the guidelines are advisory only and do not limit a district court's discretion to impose sentence").

█ While the district court failed to exercise its discretion in this instance, its ruling nevertheless had no impact on Rodriguez–Trujillo's substantial rights. First, the district court's sentencing decision was consistent with the directive of § 7B1.3(f). Although the policy statement may be non-binding, the district court is nevertheless required to consider the statement in exercising its discretion. See Sparks, 19 F.3d at 1102. Because the district court is required to consider the policy statement, Rodriguez–Trujillo has no right to be sentenced in a manner incosistent with the policy statement.

Secondly, Rodriguez–Trujillo offers no evidence showing that the district court would have imposed sentence differently had it recognized and chosen to exercise its discretion. In fact, the record suggests the opposite conclusion. The court recognized its discretion not to impose a custodial sentence at all and chose to impose a custodial sentence because it did not believe it to be "appropriate simply to ignore the violation and allow the [d]efendant to violate the terms of supervised release within the community." J.A. at 97. The court further indicated its intent to impose a penalty to reinforce that "these provisions mean something." J.A. at 98. Moreover, the court did depart from the recommended penalty range for a violation of supervised release–the recommended range is 46–57 months, and the court imposed a six-month sentence. See U.S.S.G. § 7B1.4(a) (recommending a sentence of 46–57 months for violation of supervised release where defendant is a category V offender on supervised release for a Class A felony). The court did not violate Rodriguez–Trujillo's right to be sentenced in a manner consistent with the guidelines.

In United States v. Schaefer, 107 F.3d 1280, 1286 (7th Cir.1997), a case that Rodriguez–Trujillo cites for the proposition that the district court has discretion to sentence concurrently, where it appeared likely that the district court would have imposed the same sentence had it exercised its discretion, the Seventh Circuit reached the same conclusion we reach here. Because the court was limited to the plain error rule, it looked only for an "actual miscarriage of justice." Id. Finding no actual prejudice, the court affirmed the sentence.

Rodriguez–Trujillo asserts that, because the imposition of the six-month sentence consecutively is "manifestly unjust," his sentence should be vacated. To support this assertion, he maintains that "[a] lesser

term would have served the purposes emphasized by the [c]ourt and fulfilled the other societal goals of sentencing." He further argues that the district court should have exercised its discretion to sentence Rodriguez–Trujillo concurrently, and its failure to do so created manifest injustice. He offers no authority to support these assertions.

If Rodriguez–Trujillo cites "manifest injustice" as a legal standard by which this court may vacate his sentence, it is not a basis for vacating his sentence because the proper standard is plain error. Even if it were a basis for vacating his sentence, Rodriguez–Trujillo does not show how this additional consecutive sentence fits any logical meaning of manifest injustice. This sentence fails even to meet the dictionary definition of "manifest injustice."

For the foregoing reasons, the judgment of the district court is affirmed.