**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0599n.06

No. 11-1605

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 08, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ARTURO SAENZ GARZA, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KEITH, McKEAGUE, and DONALD, Circuit Judges.

PER CURIAM. Arturo Saenz Garza, a federal prisoner, appeals the sentence imposed upon revocation of his term of supervised release. Garza entered a guilty plea in a federal court in Texas in 2006 to possession of marijuana, and was sentenced to forty-one months of imprisonment to be followed by three years of supervised release. In 2011, he entered a guilty plea in the Western District of Michigan to charges of conspiracy to possess marijuana and use of a communication facility to distribute marijuana. He was sentenced to 120 months of imprisonment. The district court immediately proceeded to address Garza's violation of supervised release on the earlier sentence, accepting his guilty plea and imposing a sentence of thirty-three months of imprisonment, twenty-four of which were to run consecutively to his new federal sentence. On appeal, Garza argues that the district court erred in ordering his sentence for violating his supervised release to run partially consecutively to his new federal sentence, rather than wholly concurrently.

We review a sentence imposed upon revocation of supervised release for reasonableness, under an abuse-of-discretion standard. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). We also review the decision to impose concurrent or consecutive sentences for an abuse of discretion. *United States v. Watford*, 468 F.3d 891, 916 (6th Cir. 2006).

Garza argues that USSG § 5G1.3(b) requires concurrent sentences, citing *United States v. Collins*, No. 98-5716, 188 F.3d 509, 1999 WL 717962 (6th Cir. Sept. 10, 1999). The United States argues that USSG § 7B1.3(f) governs the sentence imposed for revocation of supervised release, citing *United States v. Johnson*, 640 F.3d 195, 209 n.8 (6th Cir. 2011).

We find the government's argument persuasive. USSG § 5G1.3(b) did not apply in sentencing Garza for violating his supervised release, because his new federal conviction did not increase the offense level for his violation. USSG § 7B1.3(f), recommending a consecutive sentence, did apply to the sentence for the violation of supervised release, although it was not binding on the district court. *See United States v. Sparks*, 19 F.3d 1099, 1101 (6th Cir. 1994).

We find no abuse of discretion in the district court's decision to order Garza's sentence on the violation of supervised release to run partially consecutively. The district court explained the reasons for the sentence, noting that Garza had returned to the same criminal behavior of which he was convicted in 2006, that the supervised release imposed in that case did not curtail his behavior, that there was obviously a risk of recidivism, and that the interest of rehabilitation required a longer sentence. We reject Garza's argument that he was punished twice for the same criminal conduct, because his sentence in this case was for violating his supervised release, a separate offense from his new criminal conviction.

The district court's judgment is therefore affirmed.