NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0195n.06

12-3763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 21, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MONTORIO WATKINS, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GUY, DAUGHTREY, and WHITE, Circuit Judges.

**PER CURIAM.**  Defendant Montorio Watkins was originally convicted of being a felon in possession of a firearm and sentenced to 36 months in prison, to be followed by three years of supervised release.  He was on supervised release when he was charged with violation of the conditions of his release, involving criminal activity that resulted in two felony convictions in state court.  Following a hearing, the district court revoked Watkins's supervised release, imposed a 24-month term of imprisonment with no supervised release to follow, and ordered that the new sentence be served consecutive to Watkins's undischarged state sentence. On appeal, Watkins seeks a remand for resentencing, contending that the district court "imposed a procedurally unreasonable sentence by rejecting [his] request to run the supervised release violation sentence concurrent to the undischarged State of Ohio sentence he was serving, thus treating the policy provisions

of USSG § 7B1.3(f) as mandatory." Even if the district court did not consider a consecutive sentence mandatory, Watkins argues, "the court failed to explain the reasoning as to wh[y] a wholly consecutive sentence was appropriate in this case."

After a study of the relatively brief record in this appeal, we cannot divine from the transcript of the revocation hearing whether or not the district court considered consecutive sentencing mandatory under § 7B1.3(f). That provision is, of course, "a policy statement [that] is not binding on the district court, and construing it to be mandatory would be reversible error." *United States v. Johnson*, 640 F.3d 195, 208-09 (6th Cir. 2011). That issue aside, we nevertheless conclude that resentencing is required under our intervening opinion in *United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012), because the record is also silent with regard to the rationale for the district court's imposition of consecutive sentencing.

We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Kontrol*, 554 F.3d 1089, 1091 (6th Cir. 2009). To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United*

States, 552 U.S. 38, 51 (2007); *see also United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (describing the three steps in a procedural reasonableness analysis). "The statute governing supervised release . . . requires the district court to consider a subset of the § 3553(a) factors," based on "'sufficient evidence in the record to affirmatively demonstrate the court's consideration of them.'" *Johnson*, 640 F.3d at 203 (quoting *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006)). A sentence is substantively reasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (citation omitted).

"[A] district court commits plain error when it mistakenly believes that the policy statements contained in Chapter 7 of the Sentencing Guidelines limit its discretion." *United States v. Gibbs*, 506 F.3d 479, 487 (6th Cir. 2007) (citations omitted). However, as noted above, the record in this case does not clearly establish that the district court mistakenly believed that consecutive sentencing was mandatory under § 7B1.3(f). The judge did give a virtually verbatim recitation of that provision, announcing – without further qualification – that "any term of imprisonment imposed upon the revocation shall be ordered to be served consecutive to any sentence of imprisonment that the defendant is serving whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release." Despite the lack of qualification, however, at other points in the hearing the district judge recognized that Chapter 7 of the Sentencing

Guidelines, including § 7B1.3(f), represented merely policy statements by the Sentencing Commission and, presumably, not mandatory sentencing requirements.

But, even if the district court's understanding of § 7B1.3(f)'s import is not entirely clear from the record, what is clear is that the court imposed a procedurally and substantively reasonable sentence of 24 months, after reviewing the record and the relevant § 3553(a) factors. The court noted that Watkins's underlying state convictions were for two instances of aggravated drug-trafficking, one of which involved an assault on a police officer. The district judge next addressed Watkins, saying that "the Court finds that a guideline sentence is an appropriate sentence in this case because of the threat that you pose to the community and because you were just not in compliance with your supervised release conditions" but instead "were engaging in criminal conduct." The district court then imposed a term of 24 months, ruling that it was "sufficient yet not greater than necessary to comply with the sentencing purposes set forth in the sentencing statute, and, as well, with the policy statements in Chapter 7 of the guidelines."

After imposing the 24-month sentence, the district judge appeared ready to adjourn court ("With that, anything further?"), when Watkins's attorney renewed an earlier request for concurrent sentencing. At that point, the judge expressed appreciation for the reminder and said, only, "This [sentence] will run consecutive to the undischarged state court term of imprisonment." There was no reason given for the court's decision to impose consecutive sentencing. Indeed, what followed was a comment by the district judge on the

"wonderful support system" the defendant's family and employer could provide – potentially a reason to allow concurrent sentencing rather than deny it – and a standard notice to Watkins concerning his right to appeal.

Watkins did appeal, and while his appeal was pending, we issued the *Cochrane* opinion clarifying the procedural requirements for a district court's decision to impose consecutive sentencing following revocation of supervised release. In *Cochrane*, as here, the district court imposed terms of imprisonment that were "both procedurally and substantively reasonable." *Cochrane*, 702 F.3d at 345. And in *Cochrane*, as here, "the district court provided no explanation whatsoever for its decision that Defendant's two sentences be served consecutively." *Id*. at 346. After an analysis of the relevant statute, guidelines, and case precedents, the *Cochrane* court held that the error required a remand for resentencing. *Id.* at 347.

That analysis begins with the provisions in 18 U.S.C. § 3584, governing multiple sentences of imprisonment:

> (a) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each

offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

Thus, despite the fact that the advisory provision in § 7B1.3(f)[1] of the Sentencing Guidelines appears to make consecutive sentencing in the revocation setting mandatory, we have held repeatedly that the statutory provision controls the determination, making it discretionary and based on the same § 3553(a) sentencing factors that guide the length of sentence. *See, e.g.*, *Johnson*, 640 F.3d at 208; *United States v. Sparks*, 19 F.3d 1099, 1101 (6th Cir. 1994); *United States v. Cohen*, 965 F.2d 58, 60-61 (6th Cir. 1992).

But nothing in our prior opinions suggests that the discretion afforded the district court in deciding between concurrent and consecutive sentencing is unfettered. Thus, § 3584(b) directs consideration of the § 3553(a) factors, and implicit in this provision is a corollary requirement that the court's reasons for its exercise of discretion appear on the record. Otherwise, as we noted in *Cochrane*, on appeal "we are unable to review its application of the § 3553(a) factors or its consideration of the advisory policy statement in USSG § 7B1.3(f)." *Cochrane*, 702 F.3d at 346.

Satisfying the rule in *Cochrane* is not onerous:

---

[1] "Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."

> Although the district court was not required to state a "specific reason for a consecutive sentence," *Johnson*, 640 F.3d at 208–09 (internal quotation marks omitted), it was nevertheless obliged to make "generally clear the rationale under which it has imposed the consecutive sentence," *United States v. Owens*, 159 F.3d 221, 230 (6th Cir.1998). The district court need not state its rationale explicitly, but may incorporate by reference a discussion of the relevant considerations in another document such as the Presentence Report. *See United States v. Berry*, 565 F.3d 332, 342–43 (6th Cir. 2009). The district court may also make clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same. *See Johnson*, 640 F.3d at 208 (finding that the district court's rationales were "intertwined"). What the district court may not do is say nothing at all. When deciding to impose consecutive sentences, we hold that a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere.

*Id.*

As occurred in this case, when the district court "sentenced [Cochrane] to serve consecutive sentences, it simply stated that the sentence would be served consecutively, even though [Cochrane] had requested a concurrent sentence at the hearing." *Id.* As here, the district court in *Cochrane* "did not even arguably consider any of the § 3553(a) factors, as it was required to do by § 3584(b), such as [Cochrane's] background, criminal history, or the nature of the offense," nor did it "indicate that its reasons for imposing consecutive sentences were the same as those for which it determined the length of his sentence" or "reference a discussion of the relevant considerations in a sentencing document like the Presentence Report." *Id.* at 346-67. The problem there, as here, was a complete absence of a rationale for the district court's decision to impose a consecutive

sentence and, thus, "no way [for us] to review the reasonableness of that sentence." *Id.* at 347.

As we were forced to do in *Cochrane*, we must therefore VACATE the sentence imposed on Watkins for violation of his conditions of supervised release and REMAND the case to the district court for resentencing.