**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GILBERTO URCINO-SOTELLO, also
known as Raul Ramirez-Tapia,

Defendant-Appellant.

No. 01-4035

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 00-CR-524-ST)**

---

Submitted on the briefs:

Paul M. Warner, United States Attorney, Wayne T. Dance, Assistant United States
Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

Steven B. Killpack and Scott Keith Wilson of Utah Federal Defender's Office,
Salt Lake City, Utah, for Defendant-Appellant.

---

Before **TACHA** , Chief Judge,   **BALDOCK** , Circuit Judge, and   **BRORBY** , Senior
Circuit Judge.

---

**TACHA** , Chief Judge.

---

Defendant Gilberto Urcino-Sotello appeals from the sentence imposed after he pleaded guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. [1] At the sentencing hearing, defendant admitted that his reentry into the United States constituted a violation of the conditions of the term of supervised release imposed after his prior violation of § 1326. Defendant's counsel requested concurrent sentences on the illegal reentry and supervised release violations and gave defendant's reasons for this request. The court asked counsel whether it had that option. When counsel said yes, the court responded: "I think you and I may learn something here in just a minute." R., Vol. III at 7. The government advised the court that USSG § 7B1.3(f) called for consecutive sentences, but that because § 7B1.3(f) was a policy statement rather than a guideline, "paragraph 3 [of Chapter 7 of the guidelines] indicates that that gives the Court more flexibility, whatever that means." R., Vol. III at 10. Section 7B1.3(f) states, in part, that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment." The district court, considering this policy statement, commented:

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

> The dilemma I may have is what to do with the additional sentence for the violation of supervised release, and the range is 12 to 18 months, and the Court does not believe that there is a justification in this case to violate the policy statement of the guidelines and impose a sentence that would run concurrently. I believe that my discretion is very limited unless there is some particularly outstanding reason given to have it run concurrently, and I don't hear it.

R., Vol. III at 12. The district court sentenced defendant to twenty-one months in prison and thirty-six months of supervised release on the substantive offense and twelve months in prison on the supervised release violation, and ordered the two sentences to run consecutively.

On appeal, defendant contends that the district court erred in concluding that its discretion to impose a concurrent sentence for the substantive offense and a supervised release violation based upon the same conduct was limited. "We review the district court's legal interpretation and application of the sentencing guidelines de novo." United States v. Henry, 164 F.3d 1304, 1310 (10th Cir. 1999).

A district court generally has broad discretion to order concurrent or consecutive sentences when multiple terms of imprisonment are imposed on a defendant at the same time. 18 U.S.C. § 3584(a); United States v. Contreras, 210 F.3d 1151, 1152 (10th Cir. 2000). The policy statements concerning sentencing for supervised release violations contained in Chapter 7 of the guidelines are advisory only and do not limit a district court's discretion to

impose sentence. <u>See</u> USSG Ch. 7, Pt. A; <u>see, e.g.</u>, <u>United States v. Burdex</u>, 100 F.3d 882, 884 (10th Cir. 1996). The district court, however, was required to consider the factors listed in 18 U.S.C. § 3553(a) before it imposed a concurrent or consecutive sentence, <u>see</u> § 3584(b), and was not free to disregard the policy statements in the guidelines, <u>see</u> § 3553(a)(4)(B), (b). Rather, defendant had the burden to come forward with a reason upon which the district court could exercise its discretion to impose concurrent sentences in spite of § 7B1.3(f).

The district court was mistaken in stating that its discretion to impose concurrent or consecutive sentences was "very limited." R., Vol. III at 12. But it is clear from the court's language that it knew that it had discretion to impose concurrent sentences, assuming a sufficient reason was advanced by the defendant. The district court made a finding in this regard: "I don't hear it." <u>Id.</u>

The government's motion to dismiss for lack of jurisdiction is denied as moot. Its motion to supplement the record on appeal is granted. The judgment of the United States District Court for the District of Utah is AFFIRMED.