**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN BARAJAS-RUIZ,

Defendant - Appellant.

No. 02-4065
(D.C. No. 2:01-CR-460-ST)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On October 31, 2001, defendant pleaded guilty to violating 8 U.S.C. § 1326(b)(2) by illegally reentering the United States following his earlier

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

deportation. The government filed a Notice of Sentencing Enhancement claiming defendant had previously been convicted of at least one aggravated felony. The Presentence Report stated that because defendant had been deported after conviction for an aggravated felony, he was subject to a sixteen-level enhancement under the United States Sentencing Commission, *Guidelines Manual*, § 2L1.2(b)(1)(A) (2001). Based on an offense level of 21 and a criminal history category of VI, the sentencing guideline range was fifty-seven to seventy-one months' imprisonment. In January of 2002, the district court sentenced defendant to fifty-seven months. Defendant appeals only his sentence.

Although we review the district court's interpretation of the Guidelines de novo, *see United States v. Urcino-Sotello*, 269 F.3d 1195, 1197 (10th Cir. 2001), because trial counsel failed to object to the district court's application of the guidelines, our review is limited to plain error, *United States v. Price*, 265 F.3d 1097, 1107 (10th Cir. 2001), *cert denied*, 535 U.S. 1099 (2002). Application of the wrong sentencing guideline range constitutes plain error. *United States v. Occhipinti*, 998 F.2d 791, 801-02 (10th Cir. 1993).

Prior to November 1, 2001, previously deported illegal reentry defendants were subject to the sixteen-level enhancement of USSG § 2L1.2(a) and (b) (2000). Amended "in response to concerns . . . that the sixteen-level enhancement resulted in disproportionate sentences," current guidelines provide "graduated enhancements based on the nature of the prior offense." *United States v.*

-2-

*Saenz-Mendoza*, 287 F.3d 1011, 1013 n.2 (10th Cir.), *cert. denied*, 123 S. Ct. 315 (2002). Under the Guidelines effective when defendant was sentenced, the increase based on a prior conviction for an aggravated felony was eight levels, § 2L1.2(b)(1)(C), unless the prior conviction was for one of the specifically enumerated offenses listed in § 2L1.2(b)(1)(A) or was covered by § 2L1.2(b)(1)(B), (D), or (E). There is no indication in the record that § 2L1.2(b)(1)(A) applies to defendant's case.

A defendant is to be sentenced under the Guidelines Manual in effect at the time of sentencing. *United States v. Turner*, 285 F.3d 909, 915 n.2 (10th Cir.), *cert. denied*, 123 S. Ct. 180 (2002); USSG § 1B1.11(a). Here, use of the wrong guideline resulted in a sentence range nearly double that for an unspecified aggravated felony. We note that the government has conceded that the district court erred in imposing the sixteen-level enhancement.

Accordingly, the judgment of the United States District Court for the District of Utah is REVERSED, and the matter is REMANDED to the district court for resentencing under the applicable provisions of § 2L1.2(b)(1).

Entered for the Court


Bobby R. Baldock
Circuit Judge


-3-