**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO APARICIO, JR.,

    Defendant - Appellant.

No. 16-2232
(D.C. No. 2:16-CR-01029-KG-1)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

In 2016, the district court sentenced Mario Aparicio, Jr. to consecutive prison terms of 41 months for illegal reentry and 12 months for a supervised release violation. Mr. Aparicio appeals, arguing the court erred in sentencing him to consecutive, rather than concurrent, terms.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

In 2009, Mr. Aparicio was convicted in state court of Corporal Injury on a Spouse, Cohabitant, or Child's Parent and sentenced to two years in prison.  In 2011, after serving his sentence, he was deported to Mexico.  After working for nearly a year and a half as a truck driver in Tijuana, he illegally reentered the United States to reunite with his family.

In 2013, immigration officials apprehended Mr. Aparicio.  He was charged and convicted of illegal reentry in the U.S. District Court for the Southern District of California.  The court sentenced him to 37 months in prison and 24 months of supervised release.  A special condition of his supervised release was that if he were deported, he would "not reenter the United States illegally."  ROA, Vol. 1 at 17. After his release from custody in November 2015, Mr. Aparicio was deported to Mexico.

In January 2016, Mr. Aparicio again illegally reentered the United States by crossing from Mexico into New Mexico.  He was charged with illegal reentry in the U.S. District Court for the District of New Mexico.  He pled guilty and also admitted to violating the terms of his supervised release.  The advisory United States Sentencing Guidelines range was 41 to 51 months in prison for the illegal reentry charge and 12 to 18 months in prison for the supervised release violation.

Mr. Aparicio requested sentences at the low end of the Guidelines range and further asked that the sentences run concurrently.  In support of his request, he presented the court with a "viable plan" to live and work in Mexico.  Aplt. Br. at 8.

The plan demonstrated his understanding, he said, that he could not return to the United States and that he was taking steps to build a successful life in Mexico.

The court sentenced Mr. Aparicio to 41 months for the illegal reentry conviction and 12 months for the supervised release conviction—both at the low end of the Guidelines range.  The court, noting Mr. Aparicio's "very troubling" criminal history, ordered the sentences to run consecutively.

Mr. Aparicio filed a timely notice of appeal.

## II.  **DISCUSSION**

Mr. Aparicio challenges the consecutive nature of his sentences as substantively unreasonable.  We disagree.

### A. *Standard of Review*

We generally review the substantive reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012), including the decision to impose consecutive or concurrent sentences, *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006).  The district court abuses its discretion when its sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008).

Although we generally review the consecutive nature of sentences for abuse of discretion, we have reviewed consecutive sentences imposed for immigration and supervised release violations under the "plainly unreasonable" standard set forth at

18 U.S.C. § 3742(e).  *Rodriguez-Quintanilla*, 442 F.3d at 1256-57.[1]  Abuse of discretion and plainly unreasonable are "quite similar" standards of review.  *Id.* at 1257.  Under either standard, we affirm.

## B. *Legal Background*

District courts have discretion to decide whether to impose consecutive or concurrent sentences.  18 U.S.C. § 3584(a); *Rodriguez-Quintanilla*, 442 F.3d at 1256.  When making this determination, the court shall "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)."  18 U.S.C. § 3584(b).

We defer to the sentencing court's weighing of the § 3553(a) factors.  *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).  Provided the district court has adequately considered the § 3553(a) factors, "sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable."  *Rodriguez-Quintanilla*, 442 F.3d at 1257.  Moreover, sentences that fall within the Guidelines range are afforded a presumption of reasonableness on appellate review.  *United States v. McBride*, 633 F.3d 1229, 1232-33 (10th Cir. 2011).

The Guidelines provide support for imposing consecutive sentences upon the revocation of supervised release.  Although not binding, the following Guidelines policy statement provides that "[a]ny term of imprisonment imposed upon the

---

[1] Under this standard, "we will not reverse [a sentence] if it can be determined from the record to have been reasoned and reasonable."  *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).

revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f); *see United States v. Urcino-Sotello*, 269 F.3d 1195, 1197 (10th Cir. 2001) (explaining that while the Guidelines' policy statements are "advisory only," courts still may not "disregard" them). The "defendant ha[s] the burden to come forward with a reason upon which the district court could exercise its discretion to impose concurrent sentences in spite of § 7B1.3(f)." 269 F.3d at 1197.

## C. *Analysis*

Mr. Aparicio argues that his consecutive sentences are substantively unreasonable because the additional year of incarceration is "unnecessary to adequately punish Mr. Aparicio, or . . . to deter him from returning to the United States in the future." Aplt. Br. at 8. He contends that the court "failed to adequately account" for how his plan to live and work in Mexico "strongly mitigated" against the likelihood of another illegal reentry. *Id.* at 9. He does not argue that the district court failed to consider the § 3553(a) factors, which would be a procedural reasonableness challenge. Instead, he argues that the district court failed to weigh the factors correctly and came to the wrong conclusion, a substantive unreasonableness challenge.

The court acknowledged Mr. Aparicio's plan to live and work in Mexico but was not convinced it justified a concurrent sentence in light of Mr. Aparicio's second illegal reentry and his criminal history. Its determination that Mr. Aparicio failed to present reasons sufficiently compelling to impose concurrent sentences in spite of

- 5 -

§ 7B1.3(f) was not an abuse of discretion. *See Urcino-Sotello*, 269 F.3d at 1197. Mr. Aparicio has failed to demonstrate that the district court's weighing of the § 3553(a) factors was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Munoz-Nava*, 524 F.3d at 1146 (quotations omitted).

## III.  **CONCLUSION**

We affirm the district court's sentence for Mr. Aparicio.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge