NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0570n.06
Filed: August 9, 2007

No. 05-6884

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHARLES LAMONT JACKSON, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: MARTIN and ROGERS, Circuit Judges; and HOOD, District Judge.**[*]

**ROGERS, Circuit Judge**. Charles Lamont Jackson appeals his sentence for violation of the terms of his supervised release. Jackson admitted to multiple violations of the terms of his federal supervised release, including being convicted of a new felony charge in state court. Jackson raises three issues on appeal. First, he asserts that the district court erred in believing that the policy statement in § 7B1.3(f) of the sentencing Guidelines required it to impose a sentence for the violation of his supervised release that is consecutive to the ten-year sentence Jackson is now serving in Ohio. Second, he argues that the district court erred by failing to consider the factors enumerated in 18 U.S.C. § 3553(a). Finally, he claims that his counsel provided him with ineffective assistance in the

_____

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

sentencing process, rendering his sentence invalid.  Because the record reflects that the district court did not recognize its discretion to impose a concurrent sentence, we reverse and remand for resentencing.

In January of 1999, subsequent to a plea of guilty to the charge of possession of marijuana with the intent to distribute, the federal district court sentenced Jackson to six months of imprisonment, followed by supervised release for two years.  In April of the following year, his probation officer petitioned the district court for a warrant for Jackson, alleging several violations of the terms of Jackson's supervised release and recommending that his supervised release be revoked.  In a later violation report, Jackson's probation officer noted that by committing a state felony while on supervised released, Jackson had committed a Grade B violation of his federal supervised release.  Based on that violation and Jackson's criminal history, the probation officer calculated Jackson's Guideline range to be 8-14 months; the officer recommended that the court sentence Jackson to 14 months' imprisonment to be served consecutive to his current state sentence of ten years.

At an evidentiary hearing with the magistrate judge, and in later objections, Jackson admitted that he violated various terms of his supervised release.  During the hearing, Jackson's attorney stated that any sentence given for violation of supervised release must be imposed consecutively to the state sentence he is currently serving, saying, "it's my understanding under 7B1.3(f), any term of imprisonment for this revocation has to run consecutive to any other sentence.  Of course I'd like

to argue that it would run concurrent, but if that's the guideline and that's the rules, that's the rules." JA 52.

Neither the court nor either party corrected defense counsel's error in suggesting that the policy statement requiring a consecutive sentence was mandatory. However, in his "Objection to the Report and Recommendation," Jackson stated that he "feels that anything [i.e., the sentence] he receives should run concurrent with his Ohio sentence . . . ." JA 26. The magistrate judge's Supplemental Report and Recommendation responded to Jackson's request for a concurrent sentence in part by stating that "because of U.S.S.G. § 7B1.3(f), [Jackson's] term of imprisonment *must* be served consecutively to the state sentence." JA 29 (emphasis added). The district court adopted the findings of fact and law in the Report and Recommendation and Supplemental Report and Recommendation and sentenced Jackson to a consecutive 14 month sentence. JA 37.

Because it was Jackson's counsel who told the district court that it did not have discretion to enter a concurrent sentence, and because he did not raise any objection below, any error that may have resulted from the court's believing that it lacked discretion to impose a concurrent sentence is subject to plain error review.[1] *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) ("Where, as here, a criminal defendant has failed to object below, he or she must demonstrate that

---

[1]The Government argues that Jackson "waived" this issue, however, it appears that the Government is using waiver as a synonym of forfeiture inasmuch as the Government never suggests that Jackson is forgoing a known right. *See United States v. Denkins*, 367 F.3d 537, 543 (6th Cir. 2004) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right. . . . Mere forfeiture, as opposed to waiver, does not extinguish an 'error' under Rule 52(b).").

the error was plain as defined by Fed.R.Crim.P. 52(b) before we may exercise our discretion to correct the error."). "To vacate a sentence for plain error, [the court] must find (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Cousins*, 469 F.3d 572, 580 (6th Cir. 2006). The "Defendant bears the burden of proof on plain error review." *United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006).

The record clearly suggests that the district court erroneously believed that the policy statement limited its discretion to impose a concurrent sentence. In the Supplemental Report and Recommendation, the magistrate judge stated that, "because of U.S.S.G. § 7B1.3(f), that term of imprisonment *must* be served consecutively to the state sentence." JA 29 (emphasis added). Furthermore, this error was "plain" because it is clear that application of the policy statement is discretionary. *United States v. Sparks,* 19 F.3d 1099, 1100-01 (6th Cir. 1994) (remanding a sentence where the district court clearly failed to recognize its discretion under § 7B1.3(f)); *United States v. Green,* 157 F. App'x 853, 857-58 (6th Cir. 2005) (unpublished) (same).

Because the plain error in this instance involved the court's failure to recognize its discretion under the Guidelines, prejudice is presumed for the purposes of appellate review. In *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), this court held that where a district court believed that the Guidelines were mandatory there is a presumption of prejudice to the substantial rights of the defendant, and a remand for resentencing is required. *Id.* at 527. Furthermore, "[t]his court has previously held that treating the provisions of Chapter 7 as leaving a district court without discretion

to impose a post-revocation sentence concurrently is reversible error requiring remand for resentencing." *Green*, 157 F. App'x at 858 (citing *Sparks*, 19 F.3d at 1101, and *United States v. Cohen*, 965 F.2d 58 (6th Cir.1992)).

Because the district court's error in treating the policy statements as mandatory requires remand for the imposition of a new sentence, we need not reach Jackson's argument that the district court erred in its application of the § 3553(a) factors in imposing this sentence. Similarly, inasmuch as Jackson's ineffective assistance of counsel argument relies only on his counsel's performance in relation to the sentencing process, that issue is moot.

For the foregoing reasons we REVERSE Jackson's post-revocation sentence and REMAND for resentencing.