**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0207n.06

No. 10-3826/10-3827

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 23, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff - Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| JASON EDDY, | ) | **OPINION** |
| | ) | |
| Defendant - Appellant. | ) | |
| _____ | ) | |

Before: BOGGS and WHITE, Circuit Judges; BERTELSMAN, District Judge.[*]

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Jason Eddy appeals the twenty-one-month sentence imposed for violating the terms of his probation. He raises several procedural and substantive reasonableness challenges, including that the district court did not appreciate its discretion to impose a concurrent sentence for the violations. We **REMAND** for resentencing.

**I.**

On December 15, 2008, Eddy pleaded guilty to a single count of distributing a controlled substance, 21 U.S.C. § 841(a)(1) and (b)(1)(C), based on Eddy's sale of .86 grams of crack cocaine on June 18, 2007. The district court sentenced Eddy to three years' probation, with the special conditions that Eddy participate in a drug-treatment program and, for the first six months, a Location

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Monitoring Program ("LMP"). On April 21, 2009, two months after Eddy was sentenced, he was indicted for a new, more serious offense: conspiracy to distribute and possess with intent to distribute 50 or more grams of cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). After his arrest on April 22, 2009, Eddy tested positive for cocaine use. On April 23, 2009, the probation office filed a probation-violation report in Eddy's earlier case. In addition to certain LMP violations, the probation-violation report lists the indictment in Eddy's conspiracy case, as well as the positive drug test, as new violations.

On November 24, 2009, Eddy pleaded guilty to the conspiracy charges. The record does not reflect that Eddy's first case was transferred from the judge who placed Eddy on probation, Judge Wells, to the judge presiding over the conspiracy case, Judge Boyko, nor does the docket in Eddy's first case reflect a scheduled probation-violation hearing.[1] Eddy filed a sentencing memorandum in the conspiracy case that, among other things, argued for the mandatory minimum of ten years, but made no reference to the probation violations.

A sentencing hearing took place on June 17, 2010, before Judge Boyko, presiding over the conspiracy case. At the beginning of the proceeding, he stated, "[w]e are here today for sentencing *and to address the violations*." Tr. at 2 (emphasis added). The district court also confirmed that Eddy's counsel had spoken with Eddy about the probation violations. After arguing for the mandatory minimum, Eddy's counsel made the following statement:

> In terms of the probation violation in the case which was in front of Judge Wells, we admit the violation contained within that report. I have read the recommendation from the Probation Department that Mr. Eddy receive between 15 and 21 months. We know that that is to be served consecutively with his other case. We would ask

---

[1] The presentence investigation report ("PSR") in the conspiracy case refers in passing to the probation-violation report filed in Eddy's first case. PSR at 16.

2

this Court that in light of all of the circumstances outlined in the sentencing memorandum and in particular the substantial amount of time that Jason must serve in prison, that this Court only sentence him to the minimum of 15 months.

Tr. at 4. The probation officer then read into the record the violations to which Eddy admitted. At no point during the sentencing proceeding did Eddy object to Judge Boyko addressing the probation violations.

The district court considered the § 3553(a) factors, including Eddy's criminal history, and imposed the ten-year mandatory-minimum sentence for the conspiracy. The district court then turned to the probation violations:

> Before I get to the rest of the conditions, the violations, we have two grade A's, two grade C's. The range is 15 to 21 under the application, and we have – since we have grade A violations here, first of all, they must be run consecutive, and we're going to put 21 months onto that, so another 21 months for the violations consecutive to the 120 months, for going ahead and drug dealing while on community control in Common Pleas and awaiting sentencing in District Court.

*Id.* at 20-21. The district court entered judgment in both cases four days later on June 21, 2010. This appeal followed.

## II.

Eddy challenges the procedural and substantive reasonableness of his sentence. Because his procedural challenge has merit, we need not address his substantive claim. *See United States v. Steeby*, 350 F. App'x. 50, 51 (6th Cir. Oct. 29, 2009). We review sentences – including sentences imposed on revocation of probation – under an abuse-of-discretion standard.[2] *See Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. (James) Johnson*, 640 F.3d 195, 201 (6th Cir.

---

[2]In the briefs, the parties raised a threshold *Bostic* issue over which standard of review – plain error or abuse of discretion – applies to Eddy's arguments involving notice. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Because our decision does not turn on the notice question, however, the standard of review issue is moot.

2011) (reviewing revocation of probation for abuse of discretion). A sentence is procedurally unreasonable "if the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009). In this circuit, within-guidelines sentences raise a rebuttable presumption of reasonableness. *See United States v. Christman*, 607 F.3d 1110, 1117 (6th Cir. 2010).

Eddy attacks the procedural reasonableness of his sentence from two angles. First, Eddy contends that he did not have advance written notice of the probation-revocation hearing and, relatedly, that Judge Boyko was not authorized to conduct that hearing because Eddy's first case had not been transferred in accordance with local rules. N.D. Ohio Crim. R. 57.9(b). Second, Eddy contends that the district court improperly treated the guidelines as mandatory when it imposed a consecutive sentence for his probation violations. We address Eddy's second argument first because it controls the disposition of the case.

United States Sentencing Guideline § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.[3]

Although couched in mandatory terms, we have held that a district court commits reversible error

---

[3]Application Note 4 to U.S.S.G. § 7B1.3 states, "[s]imilarly, it is the commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."

4

when it mistakenly believes that the Guidelines compel the imposition of a consecutive sentence. *United States v. Jackson*, No. 05-6884, 244 Fed. App'x. 727, 728-29 (6th Cir. Aug. 9, 2007); *United States v. Green*, 157 F. App'x 853, 858 (6th Cir. 2005); *United States v. Sparks*, 19 F.3d 1099, 1101 (6th Cir. 1994); *accord United States v. Gibbs*, 506 F.3d 479, 483 (6th Cir. 2007).

This court addressed a similar situation in *Jackson*, an unpublished opinion. In *Jackson*, the defendant's counsel stated that "[i]t's my understanding under 7B1.3(f), any term of imprisonment for this revocation has to run consecutive to any other sentence. Of course, I'd like to argue that it would run concurrent, but if that's the guideline and that's the rules, that's the rules." 244 F. App'x. at 728. Neither the court nor the government corrected the defendant's counsel's erroneous belief in *Jackson*. *Id.* In sentencing the defendant, the district court in *Jackson* stated that "because of U.S.S.G. § 7B1.3(f), [defendant's] term of imprisonment *must* be served consecutively to the state sentence." *Id.* (emphasis in original). On appeal, we held the district court's statement constituted plain error.

The government has not distinguished *Jackson* in any meaningful way and effectively conceded at oral argument that the district court's statement was incorrect as a matter of law. Instead, in the government's view, the district court made two statements that demonstrate it understood its discretion. First, in laying out the legal standard for imposing sentence, the court mentioned the seminal Supreme Court case holding that the Sentencing Guidelines are advisory, *United States v. Booker*, 543 U.S. 220, 259 (2005) (severing and excising the provision of the Sentencing Reform Act of 1984 making the Sentencing Guidelines mandatory). A review of the transcript, however, reveals that the district court was simply setting forth the analytical framework for arriving at an appropriate sentence:

Under the *United States versus Booker* and the U.S. Sentencing Commission, probation does a three-step analysis: first, determines the appropriate guideline range; second, identifies any possible guideline departures; and third, determines if a nonguideline sentence, that is, a variance can be considered under the 3553(a) factors. . . . And Ms. Small has not identified any factors that may warrant a departure.

Tr. at 14-15. Next, the government highlights the following statement by the district court:

Shall I give you life? Do you want to die in prison, Mr. Eddy? . . . Because before we leave here, I could give you life. Do you know that? Do you understand that, that I'm not bound by the 120 months? That's the mandatory minimum. What's it going to take to get it through your head to stay out of trouble?

*Id*. at 19-20. Based on this statement combined with the reference to *Booker*, the government argues weakly, "[i]t follows that, if the court understood its discretion to impose greater than the 120-month mandatory minimum sentence on the drug conspiracy offense, the court also understood it had the discretion to impose either concurrent or consecutive sentences on the probation violation." Appellee's Br. at 25.

This syllogism lacks logical force. The record reveals that the district court completed its analysis of the conspiracy sentence, stating "[l]et's go ahead and sentence you. All right, Mr. Eddy, it's the judgment of this Court that you are committed to the custody of the Bureau of Prisons for a term of 120 months." Tr. at 20. *Then*, the district court turned to the probation violations from the first case. The district court referenced *Booker* at the beginning of its discussion of the §3553(a) factors, not when it was reviewing the probation violations.

The record indicates that the question whether sentences for probation violations must be served consecutively was distinct from the court's consideration of the § 3553(a) factors. Moreover, Eddy's counsel erroneously conceded that the Guidelines mandated a consecutive sentence, and the district court likewise stated that the sentences "must" be consecutive. Although the government

6

did state at the sentencing hearing that the Guidelines "recommend" a consecutive sentence, this passing reference preceded the court's statement and is not sufficient to overcome Eddy's counsel's concession and the district court's explicit statement. The record supports that the district court erroneously believed Eddy's sentence must be served consecutively, and his sentence must therefore be remanded. Accordingly, we need not address Eddy's additional procedural reasonableness arguments.[4]

## III.

For the foregoing reasons, we **REMAND** for resentencing.

---

[4]Eddy also raises the issue whether the written judgment in the conspiracy case conforms to the district court's oral pronouncement. Specifically, Eddy contends the district court only stated that the twenty-one-month sentence for the probation revocation would be served consecutively to the 120-month sentence in the conspiracy case, but the district court orders nevertheless made both sentences consecutive to each other. Because this opinion relates to both orders, however, the district court's orders in both cases must be modified to be consistent with this opinion. Thus, Eddy's argument on this issue is moot.