NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0660n.06

Nos. 19-6368/6369/6370/6371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 18, 2020 |
| **Plaintiff-Appellee,** | ) | DEBORAH S. HUNT, Clerk |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| THOMAS ELLIOTT, aka Thomas Freeman, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, SUTTON, and KETHLEDGE, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** In these consolidated cases, defendant Thomas Elliott appeals the sentence he received following a guilty plea for being a felon in possession of a firearm and for violating the terms of his supervised release. For the reasons that follow, we affirm.

**I.**

In 2013, defendant was observed with a shotgun in the East Lake Courts public housing development in Chattanooga, Tennessee. Chattanooga police investigated and found defendant at his grandmother's house with a shotgun and a handgun. He was federally charged for being a felon in possession of a firearm and pleaded guilty.[1] Defendant was initially sentenced to seventy-two months of incarceration and three years of supervised release, but the custodial sentence was later reduced to thirty-seven months. In late 2015, defendant was placed in a residential re-entry center to serve the remainder of his sentence. A month later, defendant left the facility without permission

---

[1] Defendant had prior felony convictions, including an adult conviction for aggravated assault for shooting a rival gang member when he was a minor.

and was charged with escape. He was sentenced to fifteen months of additional imprisonment. Eventually he was placed in a residential re-entry center again, and again he walked away. This resulted in *another* fifteen-month sentence for escape. Defendant completed the custodial portion of his sentences and began his three-year term of supervised release on May 4, 2018.

One day later, Chattanooga Housing Authority Police observed defendant at East Lake Courts public housing development. The officer approached defendant because did not recognize him as a resident and believed that his clothing indicated possible gang activity. Defendant tried to flee but ultimately surrendered by pulling a handgun from his waistband, placing it on the ground, and backing away.

Defendant was charged under Tennessee law with criminal trespassing and possessing a firearm with intent to go armed and released on bond. He failed to appear as directed and later was taken into state custody and additionally charged with evading arrest. Defendant pleaded guilty to these state charges in August 2018 and was sentenced to eleven months and twenty-nine days.

Meanwhile, in June 2018, based on the same incident a federal grand jury filed a one-count indictment charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant eventually pleaded guilty through a written plea agreement. The guideline imprisonment range was thirty to thirty-seven months for the firearm charge. For violating the terms of supervised release, the guideline range was twenty-one to twenty-seven months of imprisonment, but with a statutory maximum sentence of twenty-four months.

The government argued for an above-guidelines sentence at or near the ten-year statutory maximum for the gun charge and the statutory-maximum sentence of twenty-four months for violation of supervised release, to run consecutively. Defendant sought a sentence of twenty-six months, reflecting a sentence at the bottom of the guidelines range minus credit for the four months

defendant served on the state charges; defendant also requested that any sentence for violation of supervised release run concurrently.

The district court sentenced defendant to sixty months, which included credit for the four months he served on the state charges. For violating supervised release, the district court sentenced defendant to twenty-four months to run consecutive to his felon-in-possession sentence. Defendant appeals, arguing that both sentences were procedurally and substantively unreasonable.

**II.**

Generally, we apply an abuse of discretion standard when reviewing a sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). But the government contends here that defendant's procedural reasonableness claims were not preserved at trial, and so they should be reviewed only for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). We disagree and will review for abuse of discretion.

At sentencing, when considering the § 3553(a) sentencing factors, the district relied in part on convictions for violent conduct when defendant was a minor (though charged as an adult). Defendant argued at length in his briefing and at the sentencing hearing that the district court should defer to the sentencing guidelines—which excluded those convictions from defendant's criminal history—and not consider those convictions as it weighed the § 3553(a) sentencing factors. When asked by the district court whether there were any objections at sentencing that had not already been raised, defendant's counsel simply noted that he objected on substantive and procedural grounds, without re-stating any specific objections.[2]

Any sentencing objections not previously raised must be raised in response to the so-called *Bostic* question or else they are forfeited. *See United States v. Rogers*, 769 F.3d 372, 384 (6th Cir.

---

[2] Defense counsel mistakenly said procedural and substantive "due process" instead of "reasonableness," but it was apparent that the court understood the intended meaning.

2014) (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). But when, as here, defendant raised objections that the court clearly considered and rejected, "it is unnecessary for a party to repeat [those] previously made objections in order to secure the lower standard of review on appeal." *United States v. Simmons*, 587 F.3d 348, 355 (6th Cir. 2009).

"A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "Unlike objections to the procedural reasonableness of a sentence, the defendant need not object to the substantive reasonableness of a sentence in the district court in order to preserve the issue for appeal." *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011) (citation omitted). We review a "'sentence's substantive reasonableness under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of a variance from the Guidelines range.'" *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Finally, we may apply a rebuttable presumption of reasonableness to a sentence within the guidelines range. *United States v. Dunnican*, 961 F.3d 859, 880 (6th Cir. 2020). But a sentence above or below the guidelines is not presumptively unreasonable. *Id.*

## A.     Procedural Reasonableness

For sentencing procedures to be reasonable "[t]he court must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *Rayyan*, 885 F.3d at 440 (citation omitted). Where the sentence represents a departure from the sentencing guidelines range, the court "must explain [its] conclusion that an unusually lenient or an unusually harsh

sentence is appropriate in a particular case with sufficient justifications." *United States v. Payton*, 754 F.3d 375, 377 (6th Cir. 2014) (quoting *Gall*, 552 U.S. at 46).

Here there is no dispute that the guidelines were calculated correctly, nor is there any concern that the court considered the guidelines mandatory given that the court varied upwards. The district court considered the defendant's mitigating factors, including a poor upbringing, substance abuse, and untreated mental health issues, but stepped through the § 3553(a) factors supporting its decision to vary upwards this way:

> [W]hat makes this [offense] incredibly remarkable, in the Court's judgment, is that this occurred so soon after your period of supervised release started, a matter of hours. It's just almost unprecedented . . . . And it shows me a lot about . . . the possibilities you face ahead and the dearth of reasons for optimism that I think I reasonably have about your future.
>
> The Court has considered the seriousness of your offense. Your history makes it a more serious offense than most comparable offenses. Nobody with your history of violence, albeit in a compressed period of time when you have been out of incarceration, and nobody with your mental history, should be trusted to have a weapon of this type. And you posed a great risk to not only yourself but your—the people in the community and the officers who responded to the situation.
>
> With regard to just punishment, I can't help but consider what you were sentenced to for a similar charge in 2013. It was six years. That resulted in nothing other than more criminal activity and the type of criminal activity that reflects . . . almost a contempt for the law, and for authority, and for the rules that society reasonably expects you to follow. That is a very, very negative factor, in my estimation, when crafting the appropriate sentence for you.
>
> . . . .
>
> I have looked back at the records in the two escape prosecutions. I believe the guidelines sentence . . . applicable to both of those was 15 to 21 months. Both times you were sentenced to 15 months. That is another reason why I do not believe that a guidelines and especially a low guidelines sentence is appropriate in your case.
>
> . . . .
>
> With regard to sentencing disparities as compared to similarly situated defendants, I've never seen a similarly situated defendant. I've never seen, as the government put it, somebody who has four PSRs, four federal prosecutions. I've

never seen—never sentenced anybody with two escape charges, and especially somebody who was sentenced to the bottom of the guidelines for two escape charges, not to mention the other federal charge and all the other charges and arrests that I see here. Just, simply put, so far, Mr. Elliott, you're one of a kind, and I'm going to treat you as such.

Perhaps the most important consideration the Court has in crafting your sentence to make sure it's just punishment is an extraordinary need to protect the public. It seems to be unchallenged that you have in fact shot someone before during your brief periods of time out of incarceration.

Another thing that I find remarkable, even though you were young, . . . as a 17-year-old you went . . . to pick a fight with a middle schooler. That's not a very flattering picture for any defendant. You, as we've discussed, apparently assaulted a guard more recently. . . . I'm confident that you would have committed more violence against either people you don't know or people you do know had you not spent so much of your young life in incarceration. And those factors and those considerations are what will result in the sentence that I'm about to pronounce.

R. 51, Sentencing Tr., PageID 354-58. For violating the terms of his supervised release, the court relied on the same factors to explain defendant's within-guidelines, consecutive sentence of twenty-four months.

Defendant argues on appeal that the district court committed procedural error by considering defendant's two convictions for conduct that occurred when defendant was seventeen years old and failing to address his argument that a shorter sentence plus supervised release with mental health treatment would be appropriate. Neither argument is persuasive.

First, the district court considered and rejected a shorter sentence with a restrictive supervised release, citing defendant's two convictions for escape as evidence that such a sentence would be unlikely to be successful. And the court agreed with defense counsel that mental health evaluation and treatment was important but concluded that addressing defendant's mental health and substance abuse while he is incarcerated would be more effective than attempting to do so as part of supervised release.

Second, while it is true that defendant's convictions while a minor were not counted as criminal history under the sentencing guidelines, defendant offers no authority to suggest that it was unreasonable for the district court to consider them when evaluating the sentencing factors of § 3553(a). It is well settled that "a sentencing judge's inquiry is 'broad in scope,' and it is 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). And balancing a history of violent conduct against untreated mental health issues and substance abuse is a central part of a district court's reasonable sentencing procedure. *See United States v. Sherrill*, 972 F.3d 752, 771 (6th Cir. 2020).

Turning to the separate sentence for defendant's violation of supervised release, the guidelines were calculated correctly, and discussion was brief. The parties largely referred back to their prior arguments to support their opposing positions: defendant seeking a sentence at the bottom of the guidelines to run concurrently, and the government seeking a statutory-maximum sentence to run consecutively. The court acknowledged defendant's arguments, and the government's, and demonstrated that the court understood that it had the discretion to run the sentence either concurrently or consecutively. *See United States v. Eddy*, 468 F. App'x 487, 489 (6th Cir. 2012) ("[A] district court commits reversible error when it mistakenly believes that the Guidelines compel the imposition of a consecutive sentence.").

The court did not walk through the § 3553(a) factors a second time before sentencing defendant for violation of supervised release. Instead, like the parties, the court referred back to its earlier discussion of the sentencing factors to support its decision to sentence defendant to a consecutive two-year sentence. That is enough. In a combined sentencing hearing, it is not a procedural error to intertwine the discussion of the aggregate sentence and whether the supervised

release violation sentence should run consecutively or concurrently. *See United States v. King*, 914 F.3d 1021, 1026 (6th Cir. 2019); *United States v. Johnson*, 640 F.3d 195, 208–09 (6th Cir. 2011) ("There is no requirement that the district court state a 'specific reason' for a consecutive sentence, and the relevant Guidelines and policy statements presume that multiple terms of imprisonment imposed at different times are consecutive.").

The sentences imposed by the district court were procedurally reasonable.

**B.      Substantive Reasonableness**

For our substantive reasonableness inquiry, the question before us is "whether the trial court's chosen sentence was 'reasonable' or whether the judge instead 'abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (quoting *Gall*, 552 U.S. at 56). Evaluation of § 3553(a) factors is "matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *Rayyan*, 885 F.3d at 442.

Defendant argues that his circumstances are unremarkable, and when a "case falls within the mine-run of cases . . . [the sentence] is subject to closer review to assure that the justification given 'is sufficiently compelling to support the degree of variance.'" *United States v. Perez-Rodriguez*, 960 F.3d 748, 757-58 (6th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). In *Perez-Rodriguez*, the district court imposed an above-guidelines sentence, justifying the variance in large part by reciting facts and circumstances that were already reflected in the guidelines range. *Id.* at 758. As a result, this court vacated the sentence, holding that the district court placed too much weight on certain § 3553(a) factors and created unwarranted sentencing disparities. *Id.*

Here, it is true that defendant's *arrest* was not remarkable—he was not committing another crime while possessing the firearm and, other than a brief attempt to run away, surrendered

peacefully. But as the district court explained, there were many facts and circumstances relevant to sentencing that distinguished defendant's case from other mine-run felon-in-possession cases. Defendant had an extensive criminal history, but much of it did not count under the guidelines because defendant was a minor at the time. *See* U.S.S.G. § 4A1.2(d)(2). The presentence investigation report notes that hypothetically counting just one of defendant's convictions while a juvenile—an adult conviction for shooting a rival gang member—would increase the guideline sentence to fifty-one to sixty-three months. And as the district court noted, at age twenty-five the comparative quiet of defendant's *adult* criminal history largely can be attributed to him serving sixty-seven months in federal prison. To review, carrying a firearm as a felon resulted in defendant being sentenced to seventy-two months in prison (later reduced) and two successive convictions for escaping federal custody, each adding fifteen-months. And despite that, defendant was arrested for carrying a firearm barely twenty-four hours after being released from custody. Finally, while in state custody on this most recent charge, defendant is accused of throwing scalding hot water on a corrections officer, resulting in burns on the officer's face, neck, and chest.

The district court reasonably concluded that satisfying the § 3553(a) sentencing factors required an above-guidelines sentence. Defendant may take issue with *how* the court balanced those factors, but the court's balancing in this case was well within its discretion. Defendant's sentence for being a felon in possession of a firearm is substantively reasonable.

Defendant likewise challenges his within-guidelines sentence of twenty-four months for violating the terms of his supervised release. More specifically, defendant objects to the district court's decision to run the sentence consecutive to his sentence on the felon-in-possession charge. As defendant concedes, policy statements in the sentencing guidelines recommend that, because violating the terms of supervised release constitutes "a breach of trust inherent in the conditions of

9

supervision, the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G. Ch. 7, Pt. A, Introduction; *see also* U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . .").[3]

For the same reasons as above, defendant's consecutive, within-guidelines sentence for violating the terms of his supervised release is substantively reasonable.

### III.

We **affirm** the district court judgment and defendant's sentence.

---

[3] Though it reads as if mandatory, it is well settled that § 7B1.3(f) is properly regarded as a policy statement only. *See, e.g.*, *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012).